JUDGE RAKOFF

11 CV 3634

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

YOUWEI P. XU and CATHY HUANG, as both
Individuals and shareholders of PERPETUAL
SECURITIES, INC., and PERPETUAL
SECURITIES, INC.,

              Plaintiffs,

-against-

FINANCIAL INDUSTRY REGULATORY
AUTHORITY, INC., also known as, "FINRA,"
Successor to and formerly known as "NATIONAL
ASSOCIATION OF SECURITIES DEALER,
INC.", also known as, "NASD",

              Defendants.

-------------------------------------------------------- x

Civil Action No.

ECF CASE

**NOTICE OF REMOVAL**



TO:   **THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

     Defendant Financial Industry Regulatory Authority, Inc. ("FINRA")[1] hereby removes the
above-entitled action from the Supreme Court of the State of New York, County of New York, to
the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§
1441 and 1446, on the ground that this Court has original jurisdiction over this action pursuant to
28 U.S.C. § 1331. In support of this Notice of Removal, the Defendant respectfully states as
follows:

**Grounds for Removal**

     1.     On May 3, 2011, Plaintiffs Youwei P. Xu, Cathy Huang and Perpetual
Securities, Inc., et al. filed suit against Defendant in the New York State Supreme Court New
York County captioned <u>Youwei P. Xu v. Financial Industry Regulatory Authority, Inc., et al.</u>,

---

[1] FINRA was formerly known as National Association of Securities Dealers, Inc. ("NASD"). On July 30, 2007,
NASD changed its name to Financial Industry Regulatory Authority, Inc.

Index No. 105228/11.

2.      The crux of the Plaintiffs' complaint herein (the "Complaint") is to annul and reverse a final disciplinary action imposed upon them by a self-regulatory organization ("SRO") pursuant to obligations and authority vested in FINRA under the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C.§ 78a et seq., and to restrain the Defendant from carrying out its duties under federal law in enforcing and reporting that disciplinary action.

3.      The Complaint specifically attacks the validity and merits of a permanent bar order imposed by FINRA after Plaintiffs were barred from functioning for conducting a securities business while the firm's membership was suspended.   The relief sought in the Complaint includes damages and an order reinstating Plaintiffs as FINRA members.   While the Complaint does not explicitly request a declaratory judgment, in substance it seeks a declaration as to the invalidity of the Defendants' bar.

4.      The Complaint specifically seeks compensation for "closing down [sic] business" and damages arising "from NASD, NAC, SEC and [other] legal proceedings."

5.      The Complaint also challenges FINRA's rules regarding enforcement of its bar and reporting of the bar in Plaintiffs' CRD records. As an SRO registered with the SEC as a national securities association pursuant to the Maloney Act amendments to the Exchange Act, 15 U.S.C. § 78o-3, et seq., FINRA's rules are filed with the SEC and specifically reviewed and approved by the SEC after notice and comment as required by the Exchange Act.

6.      Section 27 of the Exchange Act, 15 U.S.C. § 78aa, vests in federal courts exclusive jurisdiction for violations of the Exchange Act or the rules and regulations thereunder, and for "all suits in equity and actions at law brought to enforce any liability or duty created by [the Exchange] Act or the rules or regulations thereunder."

7.      Accordingly, Plaintiffs' claims "arise under" federal law within the meaning of 28 U.S.C. § 1331, and removal is thus proper under 28 U.S.C. § 1441.

8.      The type of claims asserted by Plaintiffs are also completely preempted by federal law, so that the claims are necessarily federal law claims.

9.      Congress, in the Exchange Act, has enacted a comprehensive statutory scheme for review of disciplinary actions by securities exchanges and other SROs against members, as is in issue in this action. Congress' intent is that the sole means of seeking to annul and/or enjoin the enforcement of such disciplinary actions are under federal law, through the procedures provided for in the Exchange Act. Moreover, as set forth above, any claim arising under the Exchange Act is within the exclusive jurisdiction of the federal courts.

10.     Accordingly, Plaintiffs' claims must be treated as federal claims, and thus this action is subject to removal under 28 U.S.C. § 1441.

11.     Additionally, this is an action in which the court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a) because it is between citizens of different states and it involves a matter in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs.  Removal under 28 U.S.C. §§ 1332, 1441(b) and 1446 is, therefore, also proper because there is diversity of citizenship between the plaintiffs and FINRA, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12.     Venue is proper in this district under 28 U.S.C. § 1441 because this district embraces the place where the removed action has been pending.

**Timeliness of Removal**

13.     The Defendant has timely filed this Notice of Removal within 30 days of its receipt, through service or otherwise, of a copy of the initial pleading herein (the Complaint), in

accordance with 28 U.S.C. § 1446(b). The Defendant was served with the Summons and Complaint herein on May 11, 2011.

14.     A copy of all process, pleadings and orders served upon the Defendant are attached as Exhibit A to this Notice of Removal, as required by 28 U.S.C. § 1446(a).

**Notice of Removal to be Given to State Court**

15.     Defendant will file a Notice of Filing of this Notice of Removal with the New York State Supreme Court New York County, in the form attached as Exhibit B hereto.

Dated:  New York, New York
        May 27, 2011

                                    Respectfully submitted,

                                    DRINKER BIDDLE & REATH LLP

By: _____
                                    Matthew Farley
                                    matthew.farley@dbr.com
                                    140 Broadway, 39th Floor
                                    New York, New York 10005
                                    (212) 248-3140
                                    *Attorneys for Defendant Financial Industry Regulatory Authority, Inc.*

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NW YORK
-------------------------------------------------------------------x

YOUWEI P. XU and CATHY HUANG, as both
Individuals and shareholders of PERPETUAL
SECURITIES, INC., and PERPETUAL
SECURITIES, INC.,

                                    Plaintiffs,

            - against -

FINANCIAL INDUSTRY REGULARTORY
AUTHORITY, INC., also known as, "FINRA,"
Successor to and formerly known as
"NATIONAL ASSOCIATION OF SECURITIES
DEALERS, INC.", also known as, "NASD",

                                    Defendant,
-------------------------------------------------------------------x

Index No. 1110 5228

Date Purchased:

Plaintiff designates New
York County as the place of
trial. The basis of venue is
CPLR 503, Plaintiff's
residence.

SUMMONS

NEW YORK
COUNTY CLERK'S OFFICE

MAY - 3 2011

NOT COMPARED
WITH COPY FILE

To the above-named defendant:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to
serve a copy of your answer on the Plaintiffs' Attorney within 20 days after the service of
this summons, exclusive of the day of service (or within 30 days after the service is
complete if this summons is not personally delivered to you within the State of New
York); and in case of your failure to appear or answer, judgment will be taken against
you by default for the relief demanded in the complaint, together with the costs and
disbursement of this action.

    The basis of the venue designated is pursuant to CPLR 503.

Dated: Queens, New York
       April 29, 2011

                            KEVIN KERVENG TUNG, P.C.
                            Attorneys for the plaintiffs

                            By: Kevin K. Tung, Esq.
                            136-20 38th Avenue, Suite 3D
                            Flushing, New York 11354
                            (718) 939-4633

To Defendant:
FINRA, c/o Corporate Creations Network, Inc.
15 North Mill Street
Nyack, NY 10960

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x

YOUWEI P. XU and CATHY HUANG, as both
Individuals and Shareholders of PERPETUAL                         Index No.:
SECURITIES, INC., and PERPETUAL
SECURITIES, INC.,

                              Plaintiffs,                         **VERIFIED COMPLAINT**

            - against -

FINANCIAL INDUSTRY REGULATORY
AUTHORITY, INC., also known as, "FINRA,"
successor to and formerly known as
"NATIONAL ASSOCIATION OF SECURITIES
DEALERS, INC.", also known as, "NASD",

                              Defendant.
------------------------------------------------------------------x

Plaintiffs, YOUWEI P. XU and CATHY HUANG, as both Individuals and

owners and Shareholders of PERPETUAL SECURITIES, INC. and PERPETUAL

SECURITIES INC. ("Plaintiffs"), herein by their attorneys, KEVIN KERVENG TUNG,

P.C., complaining of FINANCIAL INDUSTRY REGULATORY AUTHORITY, a.k.a.,

"FINRA," successor to and formerly known as "NATIONAL ASSOCIATION OF

SECURITIES DEALERS," a.k.a. "NASD," allege:

1.  Plaintiff PERPETUAL SECURITIES, INC., ("Perpetual") is a corporation

duly organized under and by virtue of the laws of New York State in or about August

1994.

2.  Plaintiffs Youwei P. Xu ("Xu") and Cathy Huang ("Huang") are individuals

residing in the County of New York, City and State of New York.  Plaintiffs Xu and

Huang were the owners, shareholders, and principal officers of Perpetual.

3. At all times hereinafter mentioned and upon information and belief, Defendant FINRA is a private non-profit Delaware Corporation and a self-regulatory organization ("SRO") registered with the Securities and Exchange Commission ("SEC") as a national securities association pursuant to the Maloney Act of 1938.

4. Upon information and belief, Defendant FINRA is the successor of NASD, after merged with NYSE, which changed its corporate name to FINRA on or about July 30, 2007.

5. In or about 1998, an individual investor known as "Julie Tang" ("Tang") made a dubious complaint to NASD's Dispute Resolution Inc. against Perpetual.

6. On or about November 14, 2000, an NASD arbitration panel issued an award of $21,000 against Perpetual after the hearing was held.

7. On or about December 11, 2000, Perpetual filed a motion to vacate the said award in the United States District Court for the Southern District of New York.  The claimant Tang filed a cross-motion for the award.  The District Court denied Perpetual's motion and granted the claimant Tang's cross-motion for the arbitration award.

8. Subsequently, Plaintiff Perpetual appealed the District Court decision and posted bond with the court to secure the judgment, resulting in an automatic stay of the arbitration pending the outcome of the appeal in the Second Circuit Court of Appeals.

9. On or about May 9, 2002, the Second Circuit Court of Appeals vacated the District Court judgment for lack of subject matter jurisdiction.

10. During the period between November 4, 2000, when the NASD arbitration panel issued the award to the claimant Tang, and May 9, 2002, claimant Tang never confirmed the arbitration award in a court of competent jurisdiction for more than one

year since the arbitration award was issued, thereby rendering the arbitration award void in the State of New York where the award was issued in the first place.

11. NASD was fully aware of the district court ruling as well as the ruling of the appeal in the circuit court. In addition, NASD was fully aware that the arbitration award against Perpetual was void and not enforceable in the State of New York.

12. However, NASD insisted that Perpetual's obligation to pay the arbitration award was absolute and was a condition of NASD membership. Otherwise, Perpetual's license may be suspended.

13. On or about November 25, 2002, NASD Office of Hearing Officers ("OHO") issued a decision, suspending Perpetual's NASD membership as a result of its failure to pay the arbitration award rendered on November 4, 2000.

14. Pursuant to NASD Department of Enforcement Rule 9516, Perpetual must file a written request with the NASD Board for the reinstatement of its license.

15. On or about November 29, 2002, Perpetual through its counsel appealed the decision of NASD OHO to SEC. Both parties filed their briefs in March of 2003.

16. Before SEC rendered a decision, the parties of NASD and Perpetual through their respective counsels were engaged in serious negotiations.

17. In May of 2003, the parties reached a mutual settlement. Perpetual agreed to pay for the arbitration award. In consideration of Perpetual's forbearance of filing lawsuits in a court of competent jurisdiction to pursue Perpetual's claims against NASD for the wrongful suspension of its license and membership with NASD, and of challenging NASD's suspension decision that absolutely ignored the fact that the statute of limitation to enforce the arbitration award had run out, NASD agreed to reinstate

Perpetual's membership immediately without the need to follow the formal procedure outlined in NASD Department of Enforcement Rule 9516. Neither party shall admit or deny any wrongdoings concerning the events of suspension of Perpetual's membership with NASD.

18. On or about May 16, 2003, Plaintiff Perpetual duly paid the sum of $22,000 to Tang, in reliance on Defendant NASD's promise to perform under the stipulation, despite the fact that under the laws of the State of New York that Perpetual had no obligation at the time to pay Tang for the void arbitration award.

19. By the letter dated May 16, 2003, the Executive Vice President of NASD wrote to Perpetual confirming its satisfaction of conditions necessary pursuant to the settlement stipulation for immediate reinstatement of membership and licensing. Thereafter, Perpetual operated its brokerage business normally.

20. On or about December 15, 2003, Defendant NASD maliciously ordered Perpetual to close its membership business immediately due to alleged net-capital deficiency.

21. On or about December 16, 2003, Perpetual had to close its operation of NASD membership business because of NASD's mistaken order. Perpetual also filed FOCUS report with NASD to show that it had sufficient net capital to meet the requirement.

22. On or about December 22, 2003, Perpetual filed a complaint with NASD District 9 - New Jersey Director Mr. Gary K. Liebowitz against his staff Ms. Vazquez for her wrongful decision to close Perpetual's membership business operation.

23. On or about January 21, 2004, NASD District 9 - New Jersey Associate Director Mr. Eugene Bleier sent a letter to inform Perpetual that its membership with

NASD could be reinstated after the determination that Perpetual had sufficient net capital to meet the requirement to operate its membership business, but denied any of Ms. Vazquez's wrongdoings on the decision of closing Perpetual's membership operation.

24. On or about February 6, 2004, Perpetual had no choice but requested a meeting with NASD Director Mr. Liebowitz and Associate Director Mr. Bleier to discuss resolutions to prevent its business operations from being wrongfully closed by arbitrary NASD orders. In the meeting, NASD Director Liebowitz informed Perpetual that it could resume its operation at anytime. Mr. Liebowitz also assured that he would resolve the matter by giving Perpetual an answer in the following week.

25. On or about February 19, 2004, instead of giving Perpetual an explanation for wrongful order of closing business operation, NASD reopened its examination on the NASD suspension decision, to request Perpetual providing the documents again on the same suspension matter, which had settled on May 16, 2003 and NASD held exit conference with Perpetual on May 27, 2003.

26. On or about March 5, 2004, NASD District 9 - New Jersey submitted the case to NASD's Office of Disciplinary Affairs for a complaint against Perpetual and its officers Xu and Huang.

27. On or about June 29, 2004, NASD filed a complaint, seeking permanently to bar Perpetual and its officers Xu and Huang from NASD membership on the allegations that Perpetual and its officers Xu and Huang conducted NASD membership business while suspended in the period from December 2002 to January 14, 2003.

28. Ever since June 29, 2004 up to December 13, 2007, Perpetual has exhausted all remedies in NASD and SEC. Perpetual and its principal officers, Xu and Huang, were

permanently expelled and barred by NASD in all capacities from associating with any NASD member, thereafter.

## FIRST CAUSE OF COMPLAINT
(NASD breached the stipulation of settlement)

29. The Plaintiffs repeat and affirm Paragraphs 1 through 28 above.

30. The Plaintiffs had a binding stipulation agreement with Defendant NASD that in a bargained-for exchange of forbearance to file claims or complaint in a court of competent jurisdiction to vindicate its right and to seek damages thereof, Perpetual agreed to pay $22,000 to Tang for a void arbitration award.

31. Perpetual had made full payment in accordance with the stipulation of settlement agreement. NASD initially performed its obligations under the stipulation of settlement by reinstating Perpetual's membership with NASD.

32. In June of 2004, NASD breached the stipulation of settlement by commencing an action to bar the Plaintiffs Perpetual and its officers from engaging in the securities business on the ground of the same suspension matter that Perpetual conducted NASD membership business while its membership with NASD was suspended.

33. Said conduct amounts to inexcusable and blatant breach of its stipulation of settlement with Plaintiffs Perpetual and its shareholders.

34. As a result of Defendant NASD's breach, Plaintiffs Perpetual and its shareholders Xu and Huang suffered immense damages, including but not limited to, the dissolution of the corporation and shareholders' physical, mental, and financial damages for more than Eight (8) Million Dollars arising from NASD, NAC and SEC lengthy legal proceedings.

## SECOND CAUSE OF COMPLAINT
(NASD's malicious prosecution against Perpetual
to cover up its wrongful suspension of membership)

35. The Plaintiffs repeat and affirm Paragraphs 1 through 34 above.

36. NASD commenced an action by filing a complaint with false evidence to deprive membership of Perpetual and Perpetual's officers with NASD. The complaint filed by NASD alleged that Perpetual conducting NASD membership business during suspension.

37. In fact, by the end of October 2002, Perpetual had closed its office for business at 221 Canal Street, New York. At that time, most of Perpetual's customers had closed or transferred their accounts out to other brokerage firms. The remaining, a few customers, directly placed their orders through internet on the clearing firm's order platform, which was legal and protected by SEC "Securities Investor Protection Act" and SEC "Financial Responsibility Rules", even if Perpetual was suspended.

38. On or about November 5, 2002, Perpetual officially notified NASD that Perpetual had closed its office for business through NASD designated CRD system.

39. On or about November 25, 2002, NASD OHO issued the suspension decision. However, due to NASD own mistakes, the NASD November 25, 2002 suspension package was not served on the primary party Perpetual, until January 14, 2003 when NASD supervisor Ms. Rosemary Sherry came to shareholders' home personally.

40. On or about January 14, 2003, the same day when Perpetual became aware the suspension, Perpetual promptly notified its clearing firm Advantage Trading Group, Inc. ("Advantage").   Thereafter, Ms. Sherry from NASD instructed both Perpetual and Advantage that Perpetual's customers could continue to place their orders directly

7

through its clearing firm Advantage, in accordance with SEC "Securities Investor Protection Act" and SEC "Financial Responsibility Rules".

41. NASD was fully aware that Perpetual was a fully disclosed introducing brokerage firm. A fully disclosed introducing brokerage firm's customers can directly place their orders through its clearing firm order system, which was legally protected by SEC "Securities Investor Protection Act" and SEC "Financial Responsibility Rules", even when the brokerage's NASD membership was suspended.

42. In June 2004, NASD attempted to cover up its own failure to properly serve the suspension package in the timely fashion on Perpetual by alleging that Perpetual had violated the regulation of conducting business while its membership had been suspended in the period from November 25, 2002 to January 14, 2003, in spite of the fact that these orders were directly placed upon clearing firm's order system by customers themselves in accordance with exact NASD own instruction and the SEC Act and Rules.

43. NASD also falsely alleged that Huang failed to respond to the NASD requests for documents and information; but, NASD had expressed its appreciation for Huang's cooperation and courtesies extended to NASD examiners during the exited examination.

44. As a result of Defendant NASD's false malicious prosecution against Perpetual, plaintiffs Perpetual and its shareholders Xu and Huang suffered immense damages, including but not limited to, the closing down of the business and shareholders' physical, mental, and financial damages for more than Eight (8) Million Dollars arising from NASD, NAC and SEC lengthy malicious legal proceedings.

### THIRD CAUSE OF COMPLAINT
(NASD covered up its wrongdoing by instigating
NJBOS to put Perpetual out of business)

45. The Plaintiffs repeat and affirm Paragraphs 1 through 44 above.

8

46. NASD attempted to cover up its wrongdoings by instigating and providing the New Jersey Bureau of Securities (NJBOS) with false evidences that Perpetual conduct NASD membership business during suspension to let NJBOS to persecute Plaintiffs Perpetual and its shareholders Xu and Huang on the same NASD suspension matter.

47. On or about November 24, 2003, when Firm's NASD membership business had already been reinstated and was operated in good standing, without any notice to Perpetual, a junior NJBOS investigator, Mr. Dean Kuehnen ("Kuehnen"), who claimed that he worked for both NJBOS and NASD, called clearing firm Advantage and told them that Perpetual was under "current investigation by New Jersey's State Attorney"; and instructed Advantage to place "a no more business X on the account to prevent the withdrawal or transfer of any funds pending further information" during Kuehnen's investigation. At that time, Kuehnen acknowledged later that he was even not assigned as an investigator of this case by NJBOS.

48. On or about December 10, 2003, Advantage president Mr. Richard Goble sent an email to Perpetual, officially notified Xu and Huang that Advantage would debit $50,110.21 from Perpetual's account, which was part of Perpetual's net capital fund for conducting securities business.

49. On or about December 15, 2003, NASD staff Ms. Erin Vazquez maliciously ordered Perpetual to close its membership business immediately due to the alleged net-capital deficiency.

50. On or about October 14, 2004, NJBOS Chief Mr. Franklin L. Widmann used NASD's false evidence to file an Administrative Complaint on the same NASD

suspension matter against Perpetual and its principal officers, Xu and Huang. NJBOS did not have any factual evidence other than the NASD's wrongful decision.

51. On or about August 16, 2006, NASD issued a decision against innocents Perpetual and its officers. Before NASD served its decision on Perpetual, NASD promptly faxed its decision to NJBOS, on August 18, 2006. NJBOS immediately followed NASD, filed motion for summary decision dated September 7, 2006, which was a copy of the NASD August 16, 2006 decision.

52. On or about June 28, 2010, NJBOS Chief Mr. Marc B. Minor based on NASD false decision issued a final decision that revoked Perpetual's broker-dealer registration and its agent registrations of Xu and Huang, and ordered Perpetual to pay a monetary penalty of $10k, and its agent Xu $10k, and Huang $30k.

53. As a result of Defendant NASD's breaching agreement of settlement by instigating NJBOS against innocents, Plaintiffs Perpetual and its shareholders Xu and Huang suffered immense damages, including but not limited to, the closing down business and shareholders' physical, mental, and financial damages for more than Eight (8) Million Dollars arising from NASD, NAC, SEC and NJBOS lengthy legal proceedings.

WHEREFORE, the Plaintiffs respectfully demand judgment against Defendants FINRA as follows:

(a) An order reversing the NASD decision and reinstate the Plaintiffs' NASD or FINRA's membership registration;

(b) An order directing FINRA rehabilitate Plaintiffs' reputation, and clear up all the related disclosure records in the NASD Centre Registration Depository and internet publishing;

(c) An order requiring NASD or FINRA to compensate Perpetual and its owners and shareholders Xu and Huang for the damages incurred, including but not limited to, the closing down business and shareholders' physical, mental, and financial damages arising from NASD, NAC, SEC, and NJBOS lengthy legal proceedings;

(d) An order requiring NASD to pay Plaintiffs' legal costs of any proceeding, which are deemed fair and appropriate under the circumstances in accordance with regulations;

(e) An order awarding Plaintiff Eight (8) Million Dollars on First, Second, and Third Causes of Action;

(f) An order requiring NASD to pay the penalty disbursements;

(g) An order granting all further relief as this court may deem just and proper;

Dated: Queens, New York
       April 21, 2011

                                        KEVIN KERVENG TUNG, P.C.
                                        Attorneys for Plaintiff


                                        By: Kevin K. Tung, Esq.
                                        136-45 38th Avenue, Suite 3D
                                        Flushing, NY 11354
                                        (718) 939-4633

11

VERIFICATION

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF QUEENS         )

YOUWEI P. XU , being duly sworn, deposes and says:

I am the President of the Defendant Corporation PERPETUAL SECURITIES INC., in the above captioned action. I have read the foregoing Verified Answer and know the contents thereof; the same is true to my own knowledge except as to those matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

                                        _____
                                        PERPETUAL SECURITIES, INC.
                                        By:        YOUWEI P. XU
                                                   President

Sworn to before me on this
29ᵗʰ day of April 2011

_____
Notary Public

        KEVIN TUNG
Notary Public, State of New York
        No. 02TU6029766
   Qualified in Queens County
Commission Expires on 8/30/2013

6

## VERIFICATION

STATE OF NEW YORK       )
                        ) ss.:
COUNTY OF QUEENS        )

YOUWEI P. XU, being duly sworn, deposes and says:

I am a Defendant and a Shareholder of the Defendant Corporation in the above captioned action. I have read the foregoing Verified Answer and know the contents thereof; the same is true to my own knowledge except as to those matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
YOUWEI P. XU

Sworn to before me on this
29ᵗʰ day of April 2011

_____
Notary Public

KEVIN TUNG
Notary Public, State of New York
No. 02TU6029766
Qualified in Queens County
Commission Expires on  8/30/2013

6

## VERIFICATION

STATE OF NEW YORK          )
                          ) ss.:
COUNTY OF QUEENS          )

CATHY HUANG, being duly sworn, deposes and says:

I am a Defendant and a Shareholder of the Defendant Corporation in the above captioned action. I have read the foregoing Verified Answer and know the contents thereof; the same is true to my own knowledge except as to those matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
CATHY HUANG

Sworn to before me on this
29ᵗʰ day of Ap.. 2011

_____
Notary Public

KEVIN TUNG
Notary Public, State of New York
No. 02TU6029766
Qualified in Queens County
Commission Expires on 8/30 2o 13

6

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

YOUWEI P. XU and CATHY HUANG, et. al.

Plaintiffs,

-against-

FINANCIAL INDUSTRY REGULARTORY
AUTHORITY, INC.,

Defendant.

---

**SUMMONS AND COMPLAINT**

---

**KEVIN KERVENG TUNG, P.C.**
**Attorneys for Plaintiff**
**136-20 38th Avenue, Suite 3D**
**Flushing, New York 11354**
**(718) 939-4633**

By: _____
Kevin K. Tung, Esq.

---

Certification pursuant to 130-1.1a of the Rules of the Chief Administrator (22NYCRR)

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------- x

YOUWEI P. XU and CATHY HUANG, as both        :
Individuals and shareholders of PERPETUAL     :
SECURITIES, INC., and PERPETUAL               :        Index No. 105228/11
SECURITIES, INC.,                             :
                                              :
                              Plaintiffs,     :        **NOTICE OF FILING OF**
                                              :        **NOTICE OF REMOVAL**
              -against-                        :
                                              :
FINANCIAL INDUSTRY REGULATORY                 :
AUTHORITY, INC., also known as, "FINRA,"      :
Successor to and formerly known as "NATIONAL  :
ASSOCIATION OF SECURITIES DEALER,             :
INC.", also known as, "NASD",                 :
                                              :
                              Defendants.     :

---------------------------------------------------------- x

PLEASE TAKE NOTICE that on May 26, 2011, Defendant Financial Industry

Regulatory Authority, Inc., ("FINRA") noticed removal of this action to the United States

District Court for the Southern District of New York by filing a Notice of Removal in

that Court.  A copy of the Notice of Removal is annexed hereto.  Accordingly, pursuant

to 28 U.S.C. § 1446(d), this Court may proceed no further in this action, unless and until

the case is remanded.

Dated: New York, New York
       May 27, 2011

                                   DRINKER BIDDLE & REATH LLP

By:   _____
            Matthew Farley
            140 Broadway, 39th Floor
            New York, New York 10005
            (212) 248-3140

            *Attorneys for Defendant Financial Industry*
            *Regulatory Authority, Inc.*

TO:   Clerk – Supreme Court of New York
       County of New York

       Kevin K. Tung, Esq.
       KEVIN KERVENG TUNG, P.C.
       136-20 38th Avenue, Suite 3D
       Flushing, New York 11354
       (718) 939-4633

       *Attorneys for Plaintiffs*