**MANDATE**

N.Y.S.D. Case #
11-cv-3634(JSR)

11-3073-cv
Xu v. FINRA

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of November, two thousand twelve.

PRESENT: JON O. NEWMAN,
REENA RAGGI,
GERARD E. LYNCH,
*Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/06/2012

-----------------------------------------------------------------------

YOUWEI P. XU, CATHY HUANG, Individually, PERPETUAL SECURITIES, INCORPORATED,

*Plaintiffs-Appellants*,

v.                                                    No. 11-3073-cv

FINANCIAL INDUSTRY REGULATORY AUTHORITY INCORPORATED, Successor to and formerly known as "National Association of Securities Dealers, Incorporated," also known as "NASD," also known as FINRA,

*Defendant-Appellee*.[*]

-----------------------------------------------------------------------

FOR APPELLANT:      Kevin K. Tung, Esq., Flushing, New York.

FOR APPELLEES:      Matthew Farley, Drinker Biddle & Reath LLP, New York, New York; Betty G. Brooks, Financial Industry Regulatory Authority, Inc., Washington, D.C.

_____

[*]The Clerk of Court is directed to amend the official caption as shown above.

**MANDATE ISSUED ON 12/06/2012**

Appeal from a judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 14, 2011, is AFFIRMED.

Plaintiffs Youwei P. Xu, Cathy Huang, and Perpetual Securities, Inc., sued the Financial Industry Regulatory Authority, Inc. ("FINRA"), for $8 million in damages and reinstatement of their FINRA membership based on FINRA's alleged breach of a stipulation of settlement, malicious prosecution, and wrongful cover-up of its misdeeds. Plaintiffs here appeal from the dismissal of their complaint under Fed. R. Civ. P. 12(b)(6), which we review de novo, see Galiano v. Fid. Nat'l Title Ins. Co., 684 F.3d 309, 313 (2d Cir. 2012). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm for substantially the same reasons as stated on the record by the district court.

FINRA is a self-regulatory organization ("SRO") registered with the Securities and Exchange Commission ("SEC") as a national securities association, and it is charged with conducting investigations and commencing disciplinary actions against FINRA member firms and their associated member representatives relating to compliance with the federal securities laws and regulations.

As an SRO, FINRA and its officers "are entitled to absolute immunity from private damages suits in connection with the discharge of their regulatory responsibilities." Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc., 637 F.3d 112, 115 (2d Cir. 2011) (per curiam), cert. denied, 132 S.Ct. 1093 (2012); see DL Capital Grp., LLC v. Nasdaq Stock Mkt., Inc., 409 F.3d 93, 97 (2d Cir. 2005). The misconduct alleged by plaintiffs falls squarely within FINRA's regulatory responsibilities. Plaintiffs do not contend otherwise; instead, they urge us to recognize a "bad faith" exception to absolute immunity for SROs. This argument is foreclosed by our decision in DL Capital Group, which held that "allegations of bad faith, malice, and even fraud—all of which may be relevant to a qualified immunity analysis—cannot, except in the most unusual of circumstances, overcome absolute immunity," 409 F.3d at 98 (emphasis in original). Thus, "it behooves the Court not to carve out a [bad faith] exception to the absolute immunity of an SRO [as] a matter not simply of logic but of intense practicality since [otherwise] the [SRO's] exercise of its quasi-governmental functions would be unduly hampered by disruptive and recriminatory lawsuits." Id. at 99 (third and fourth alterations in original; internal quotation marks omitted).[2] Plaintiffs' claims for damages were, therefore, properly dismissed.

---

[2] Brawer v. Options Clearing Corp., 807 F.2d 297, 302 (2d Cir. 1986), a case whose broader applicability we have questioned, see Feins v. Am. Stock. Exch., Inc., 81 F.3d 1215, 1224 (2d Cir. 1996), is not to the contrary. In that case, the recognition of bad faith as essential to certain actions against an exchange was discussed in a context that did not involve an assertion of absolute immunity. The court therefore had no occasion to address whether a bad faith exception to absolute immunity exists.

Insofar as absolute immunity does not shield FINRA from actions for non-monetary relief, plaintiffs' claims are precluded by adverse decisions already rendered against them by the SEC, see 15 U.S.C. § 78s(h). Plaintiffs had a right to appeal these decisions to a United States Court of Appeals, see id. § 78y(a), but failed to do so.

We have considered plaintiffs' remaining arguments and conclude that they are without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court



4

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit